DAVID B. VEATCH v. S. G. BABCOCK et al.

1. ACCOUNTING — Evidence — Review. The report of the referee in this
case is based on vague and unsatisfactory testimony, and contains
a glaring error in computation. The order of the court modifying
the report of the referee does not appear to have any definite basis
in the evidence. Held, That the judgment should be set aside and
a new trial ordered.

2. BEST EVIDENCE — Account Books. The best evidence of which the·
case is susceptible should be adduced. In an accounting between
partners, if books containing an account of sales are kept and open
to the inspection of all the members of the firm, and all members
of the firm have frequent opportunity to inspect them, estimates of
profits sought to be realized, but not shown by the evidence, are not
permissible.

*Error from Kingman District Court.*

THIS was an action brought by the defendants in error, as
plaintiffs below, to dissolve a partnership and for an account-
ing. A referee was appointed, who took the testimony and
made the following findings:

"1. That there was a partnership existing between the
said plaintiffs and defendant, formed for the purpose of car-
rying on a general jewelry business, and that said partnership
existed from December, 1882, up to or near December, 1885.

"2. That the plaintiffs furnished the capital and moneys
necessary to carry on said jewelry business, and supplied the
stock of goods from time to time for sale.

"3. That defendant put his time and labor in said partner-
ship against said plaintiffs' capital, and that said defendant
had sole supervision and management of the business and
controlled the same.

"4. That the plaintiffs were to receive half of the profits,
and the defendant the other half of the profits.

"5. That the amount of capital invested in the partnership
business during the existence was $6,413.17.

"6. That the profits of the business during the existence
of the partnership was $2,129.70.

"7. That $404.70 of the profits were paid to Babcock and
Alexander by defendant, Veatch.

"8. That $1,725 is amount of profits unaccounted for by
the defendant.

"9. That the said defendant is entitled to one-half of $1,-725, which amounts to $862.50.

"10. That there is a balance owing from the defendant to plaintiffs in the sum of $862.50, with interest thereon at the rate of 7 per cent. for four years, making a total of $1,104 due and owing to plaintiffs.

"11. That there are no debts owing to or by the partnership to third parties.

"12. That there is no property belonging to the said partnership."

Exceptions were filed to this report by the defendant, and a motion was also made for judgment thereon. These were heard by the court, and thereupon the court modified the report by reducing the amount found in favor of the plaintiffs from $1,104 to $600, and rendered judgment on the report so modified in favor of the plaintiffs. The defendant excepted, and brings the case here for review.

*Ashbaugh & Steck*, for plaintiff in error.

*L. M. Conkling & Son*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The testimony in this case is of a most unsatisfactory kind, and we should hesitate to say that it is sufficient to sustain any judgment against the defendant. It appears that the plaintiffs were hardware merchants; that the defendant was a jeweler and watch repairer; that an agreement was entered into by which the plaintiffs were to furnish the capital, and the defendant to transact the business of buying and selling jewelry, clocks, watches, etc. This business was carried on in one corner of the store building occupied by the plaintiffs. From the testimony of C. H. Alexander, one of the plaintiffs, it appears that the defendant at the commencement of the business put in $65 worth of goods. The plaintiffs then from time to time put in money amounting in the aggregate to $6,413.17. He then states that there had been paid back in money and accounts $7,242.20. The other plaintiff, S. G. Babcock, testified that Veatch had paid

over to the plaintiffs $404 of profits. There is no testimony showing the total amount of sales made by Veatch except his own statement, which places the amount of sales made by him at $5,205.85. There was about $600 worth of goods left after the partnership ceased to do business, which were disposed of by the plaintiffs.

The only testimony in the case tending to show that profits had been realized beyond the amount accounted for was that of the plaintiffs with reference to estimated profits. These estimates were made by taking the amount of the purchases and computing profits at a rate per cent. which the plaintiffs claimed was the usual rate of profit on such goods. The evidence fails to show that any uniform rates of profit were received, and does affirmatively show that a considerable portion of the goods were sold without any profit. This is a very vague and shadowy kind of proof, only permissible in an extreme case, where no better evidence is available, yet it seems to have been accepted by the referee as a basis for computation in preference to the statement of the defendant, taken, as he claimed, from his books, of the amount of sales actually made. The report of the referee shows a glaring and palpable error in computation. He finds the gross amount of profits to be $2,129.70; that the plaintiffs had received $404.70 thereof. He then proceeds to divide the remaining $1,725 of estimated profits equally between the plaintiffs and defendant, thus depriving the defendant entirely of any share in or benefit from the $404.70 which had been paid over to the plaintiffs. This is manifestly wrong, and shows that the referee acted hastily and was inaccurate in his work. The court, in modifying the report of the referee, not only deducted from the amount of the recovery one-half of the profits already paid to the plaintiffs, but struck out $504 of the amount allowed the plaintiffs, and awarded them even $600. By what system of reasoning or figuring the court reached this conclusion we are not advised. There is nothing pointed out in the record which affords any intelligible basis for any such result. We do not think this case has been

fairly tried, or that justice has been done between these parties. The judgment is reversed, and a new trial ordered.

All the Justices concurring.